## Sharpe-Wiggins, Ltd. v. Fourmiks Developers, Inc.

*Joseph F. Mulcahy, Jr.,* for plaintiffs.
*Stuart F. Ebby,* for defendants.

DEFURIA, J., May 29, 1973.—Plaintiffs commenced an action in equity for an injunction, accounting, the appointment of a receiver and to recover a $40,000 commission for the placement of a mortgage. At a hearing, the injunction was refused and the case was certified to the law side of the court.

Defendants then filed a motion for judgment on the pleadings under Pennsylvania Rule of Civil Procedure 1034.

The writings relative to the claimed fee were embodied in a letter dated March 10, 1971, to William Sharpe, Sharpe-Wiggins, Ltd., sent by Fourmiks Developers, Inc., copy of which is attached to the complaint; a letter dated March 8, 1971, to Sharpe-Wiggins, Ltd., and signed by Fourmiks Developers, Inc.; and another letter from individual plaintiff, R. Jere Bloche, to William Sharpe, c/o Sharpe-Wiggins, Ltd., dated March 31, 1971, also attached to the complaint, detailing the division of the two percent fee.

Defendants allege that plaintiff, Sharpe-Wiggins, Ltd., is not licensed as a real estate broker. This allega-

tion is admitted by plaintiffs. Plaintiff, Joseph Trachtman, is a licensed real estate broker, and plaintiff, R. Jere Bloche, is a practicing attorney.

The complaint alleges that the commission was to be shared by Sharpe with plaintiffs Trachtman and Bloche.

The Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §446, bars action, suit or recovery of compensation for the doing or rendering of those services* which are prohibited under the Real Estate Brokers License Act to other than real estate brokers. Attorneys at law are permitted, under the act, to share in earnings covered by the act.

"Under Pa. R. C. P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him": Bata v. Central-Penn National Bank of Phila., 423 Pa. 373, 378 (1966).

The two individual plaintiffs qualify under the Real Estate Brokers License Act, supra, to participate in a commission as claimed. Since the complaint alleges the individual plaintiffs were to share the fee earned, defendants' motion for judgment on the pleadings must be refused as to the individual plaintiffs but must be sustained as to plaintiff Sharpe-Wiggins, Ltd. See Kachulis v. George, 42 D. & C. 2d 617 (1967).

### ORDER

And now, May 29, 1973, defendants' motion for judgment on the pleadings is refused as to plaintiffs, Joseph Trachtman and R. Jere Bloche, and is sustained as to plaintiff, Sharpe-Wiggins, Ltd.

---

* Negotiating or securing a loan or mortgage: 63 PS §432(a).